IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES L. PHILLIPS,

                                                      OPINION and ORDER

                    Plaintiff,

                                                      08-cv-286-bbc

      v.

MIKE THURMER,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action for declaratory, injunctive and monetary relief brought under 42 U.S.C. § 1983. Plaintiff James L. Phillips, an inmate at the Waupun Correctional Institution, contends that defendant Mike Thurmer violated plaintiff's constitutional right to familial association by not allowing his three-month-old niece to visit him.

Now before the court are the parties' cross motions for summary judgment. Plaintiff moves for summary judgment on the ground that denying him a visit with his niece is an exaggerated, unreasonable restriction on his visitation right. In response, defendant argues that the restrictions imposed on plaintiff are intended to assist his rehabilitation and insure the safety of his visitors.

Plaintiff's motion for summary judgment will be denied because plaintiff has failed

1

to present evidence showing that the prison's regulation is unreasonable. Defendant's reasons for the visiting restriction are rationally related to a legitimate penological interest. Therefore, I will grant defendant's motion for summary judgment.

From the parties' proposed findings of fact, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

### A. Parties

At all times relevant to this action, plaintiff James L. Phillips has been an inmate at the Waupun Correctional Institution in Waupun, Wisconsin.

Defendant Mike Thurmer is employed by the Wisconsin Department of Corrections as Warden of Waupun. As part of his duties, defendant determines whether a person may be approved for visiting or should be removed from a visiting list under Wisconsin Administrative Code § DOC 309.08(4)(a)-(j).

### B. Plaintiff's Visiting List

After the birth of his niece, Wynter Jackson, on February 21, 2008, plaintiff filed a request to have his niece placed on his visiting list. Defendant denied this request because of plaintiff's past behavior, his status as an untreated sex offender and the recommendations

2

of Marie Svec, plaintiff's social worker, and Darrel Aldrich, Waupun's social services director. Defendant concluded that it was logical and reasonable to believe that a potential problem existed with the inmate's proposed visitation by a child.

On January 17, 2007, Svec had determined that plaintiff should have no contact with female minors because of his past conduct, which included a criminal offense of sexual assault, and because he had not received sex offender treatment. Aldrich reviewed and approved Svec's recommendations. Svec based her recommendation in part on language in plaintiff's judgment of conviction, prohibiting plaintiff from having "any contact, direct or indirect, with children, to include own children without permission of agent." At the time Svec made her recommendation, plaintiff had not received any sex offender treatment because his behavior at Waupun made him ineligible to transfer to a medium security institution where treatment would be available. (Defendant does not say what that behavior was.) When defendant made his decision to deny plaintiff's niece from visiting, plaintiff still had not received sex offender treatment

On April 19, 2008, Rachel Phillips, the mother of plaintiff's niece, received a form entitled "Removal From Or Disapproval of Placement on Visitor List," telling her of the warden's decision not to allow plaintiff's niece to visit. The form stated the following reasons for the denial:

> The warden has reasonable ground to believe that the inmate's

3

>   reintegration into the community or rehabilitation would be hindered.
>   The warden has reasonable grounds to believe that the inmate's offense history indicates there may be a problem with the proposed visitation.
>   The warden has reasonable grounds to believe that [the visitor] may be subjected to victimization.

In the Waupun visiting room, correctional staff monitor inmate visits. The prison allows children under the age of 18 to be in the same visiting room as plaintiff, if they are accompanied by an adult. Defendant has the authority to order a no-contact visit with plaintiff's niece.

## OPINION

### A. Summary Judgment Standard

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the court must view all facts and draw all inferences from those facts in the light most favorable to the non-moving party. Schuster v. Lucent Technologies, Inc., 327 F.3d 569, 573 (7th Cir. 2003). However, the non-moving party may not simply rest on its allegations; rather, it must come forward with specific facts that would support a jury's verdict in its favor. Van Diest Supply Co. v. Shelby County State Bank, 425 F.3d 437, 439 (7th Cir. 2005).

4

B. Plaintiff's Right to Associate with His Niece

Although "many of the liberties and privileges enjoyed by other citizens must be surrendered by [a] prisoner," Overton v. Bazzetta, 539 U.S. 126, 131 (2003), prisoners retain a right to familial association during incarceration. Id.; see also Mayo v. Lane, 867 F.2d 374, 375 (7th Cir. 1989) ("The concept of liberty in the Fourteenth Amendment has been held to embrace a right to associate with one's relatives."). However, this right is not absolute. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (denial of prison access to a particular visitor is "well within" nature of restriction associated with prison sentence). Prison officials may impose restrictions on inmates' visitation rights so long as the restriction is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987); O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) ("The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives — including deterrence of crime, rehabilitation of prisoners, and institutional security."). Whether a regulation is reasonable depends on whether (1) a valid, rational connection exists between the regulation and a legitimate governmental interest; (2) the prisoner has available alternative means of exercising the right in question; (3) accommodation of the asserted right will have negative effects on guards, inmates or prison resources; and (4) there are obvious, easy alternatives at a minimal cost. Turner, 482 U.S. at 89-91.

5

Plaintiff characterizes that the visiting regulation imposed on him as unreasonable because (1) no alternative means to visit with his niece exist other than a no-contact visit, which defendant has refused to allow; (2) the regulation is overbroad because defendant failed to specifically articulate why plaintiff's right is being denied; and (3) the prison's regulation is applied inconsistently because plaintiff is "in the company" of other children during visiting hours.

As an initial matter, plaintiff bears the heavy burden of proving that the regulation is unreasonable. Courts are required to give substantial deference to the judgment of prison officials who have the responsibility of determining the legitimate goals of the institution, and determining the most appropriate means to accomplish those goals. Overton, 539 U.S. at 132; see also Pell v. Procunier, 417 U.S. 817, 827 (1974). Therefore, plaintiff must show that the interests defendant cites are irrational or that the regulation is not rationally related to defendant's stated interests. Overton, 539 U.S. at 132.

Plaintiff contends that defendant could provide him with the option of a "no-contact" visit as a less restrictive alternative to visit with his niece. Defendant disputes this, pointing out that even with a no-contact visit plaintiff would be engaging in an in-person relationship with a female child who could be subjected to predatory behavior. Further, defendant is not required to use the least restrictive means available. Overton, 539 U.S. at 136. Instead, plaintiff has the burden of demonstrating that there is a regulatory alternative that "fully

6

accommodates the asserted right while not imposing more than a minimal cost to the valid penological goal." Id. Plaintiff has not offered any evidence to meet his burden.

I agree with plaintiff that if the prison will not allow no-contact visits he has no alternative means of exercising his right to associate with his niece. See e.g. Boudin v. Thomas, 533 F. Supp. 786, 793 (S.D.N.Y. 1982) (visit with infant who does not yet have power of speech may be only way to maintain relationship). Defendant argues that plaintiff can communicate with his niece by telephone calls and letters, but, this is not a realistic alternative when the child involved cannot speak, write or read. Although the lack of an alternative means of communication is "some evidence the regulations [are] unreasonable," this alone is insufficient to find the regulation unreasonable. Overton, 539 U.S. at 135.

Plaintiff must still show that defendant's regulation does not have a "valid, rational connection" to a legitimate government interest. Turner, 482 U.S. 89. Plaintiff asserts that defendant's response is "exaggerated" and overbroad because defendant failed to "specifically articulate" reasons for the restriction and failed to explain how plaintiff's visitation with his niece would hinder his rehabilitation. In addition, plaintiff asserts that the defendant is not enforcing the regulation because plaintiff is allowed to be "in the company of" children who are visiting other inmates. Neither of plaintiff's arguments established that the regulation is unreasonable.

Although I agree with plaintiff that defendant's reasons are sparse and conclusory,

7

defendant's decision is entitled to deference absent evidence from the plaintiff that the reasons for it are irrational. To support a regulation, prison officials may advance security considerations that are implicated directly by the protected activity. Caldwell v. Miller, 790 F.2d 589, 599 (7th Cir. 1986). Once prison officials have satisfied their burden by introducing evidence of this nature, the court must defer to their judgment unless the inmate can demonstrate that they have exaggerated their response. Id. at 599-600.

Defendant relies on three legitimate penological interests: plaintiff's reintegration into the community, his rehabilitation and the safety of children. The Supreme Court has upheld visitation restrictions when the government points to "valid interests in maintaining internal security and protecting child visitors from exposure to sexual or other misconduct." Overton, 539 U.S. at 133. The Court of Appeals for the Seventh Circuit has held that "[t]here is no question that the rehabilitation of inmates is a legitimate interest of penal institutions." Koutnik v. Brown, 456 F.3d 777, 784 (7th Cir. 2006). Defendant asserts that restricting plaintiff's visitation rights is rationally related to those interests because the regulation prevents a female child from being victimized by plaintiff and until plaintiff has had sex offender treatment, he should not be in contact with female children who are potential victims.

Plaintiff has offered no evidence to explain why contact with his niece would not hinder his rehabilitation and reintegration into the community. Plaintiff's sole argument is

8

that other children are present while he is in the visiting room, yet he has not provided evidence that he interacts with these children or that the mere proximity to children undermines the regulation. The prison's policy is directed at plaintiff's personal relationships, not necessarily his ability to be around other children. Therefore, I must defer to defendant's explanation for the ban on visitation, no matter how minimal it may be.

It is unfortunate that defendant never explained explicitly why he believed that a visit with an infant niece would hinder plaintiff's transition back into society. It may be that defendant believes that being with a small female child would stir desires in plaintiff of the sort that led to the activity for which he was convicted. Defendant may think that plaintiff would have difficulty handling such desires before he has had sex offender treatment. It is impossible to know what defendant believe in this case. Ordinarily, building strong connections with family members is encouraged as an aid in rehabilitation and reintegration to society.

Because defendant's restriction on plaintiff's visitation rights bears a connection to legitimate penological interests in safety and rehabilitation, and because plaintiff failed to adduce any evidence showing that defendant's reasons are irrational, I find that the factors under the Turner test weigh in favor of defendant. Therefore, I will grant defendant's motion for summary judgment.

ORDER

IT IS ORDERED that plaintiff James L. Phillips's motion for summary judgment, dkt. #14, is DENIED. Defendant Mike Thurmer's motion for summary judgment, dkt. #18, is GRANTED. The clerk is directed to enter judgment for defendant and close this case.

Entered this 29th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge