IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES L. PHILLIPS,

                                                                     OPINION and ORDER

                    Plaintiff,

                                                                     08-cv-286-bbc

    v.

MIKE THURMER,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this lawsuit brought under 42 U.S.C § 1983, plaintiff James L. Phillips contended that defendant Mike Thurmer violated plaintiff's constitutional right to familial association by not allowing his three-month-old niece to visit him. On April 29, 2009, I denied the motion for summary judgment by plaintiff, granted defendant's motion for summary judgment, entered judgment in defendant's favor and closed the case.

      Now before the court is plaintiff's motion to reconsider the order granting summary judgment pursuant to Fed. R. Civ. P. 60. Dkt. #29. Plaintiff contends that this court made an error of law in granting judgment in defendant's favor and requests that the court vacate its April 29 order and set this case for trial.

      Although plaintiff has brought his motion under Rule 60, it is more appropriately

1

brought under Rule 59(e) because plaintiff asserts that the decision was a mistake of law. Rule 60(b) permits a court to relieve a party from a final judgment, order or proceeding because of "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" or "any other reason that justifies relief." Legal error is not a proper ground for relief under Rule 60(b). Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002) ("rule [60(b)] is designed to allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier"); see also West v. Schneiter, 485 F.3d 393, 395 (7th Cir. 2007) ("Rule 60(b)(6) may not be used to reopen an adverse decision unless extraordinary circumstances justify that step") (citing Gonzalez v. Crosby, 545 U.S. 524 at 536-37 (2005)). Therefore, I will consider plaintiff's motion under the standards of Rule 59(e).

The purpose of a Rule 59 motion is to bring to the court's attention newly a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended as an opportunity to reargue the merits of a case. Neal v. Newspaper Holdings, Inc., 349 F.3d 363, 368 (7th Cir. 2003). Nor is a Rule 59 motion intended as an opportunity for a party to submit evidence that could have been presented earlier. Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006) (citing Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995)).

Motions under Rule 59 must be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(b). In calculating the 10-day period, weekend and holidays are not counted. A litigant's failure to meet the time limits of Rule 59 forecloses him from raising in the district court his assertions that errors of law have been made. United States v. Griffin, 782 F.2d l393 (7th Cir. l986). If the motion is timely, the movant must "clearly establish" his or her grounds for relief. Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A timely motion filed pursuant to Fed. R. Civ. P. 59 tolls the time for taking an appeal.

Plaintiff's motion is timely. He filed it on May 11, 2009, well within the 10 working days following entry of the April 30 judgment. Plaintiff argues that the court was mistaken in granting summary judgment in favor of defendant because the court erred in requiring plaintiff to bear the burden of establishing the irrationality or arbitrariness of defendant's decision under Turner v. Safley, 482 U.S. 78, 89 (1987). Plaintiff argues that this court upheld defendant's unexplained, rote assertions regarding the denial of plaintiff's visitation rights.

Despite plaintiff's assertion of mistake or oversight, his motion is a rehash of the arguments he made in his motion for summary judgment. However, to the extent plaintiff contends that defendant offered no evidence of the rationale behind his decision to deny plaintiff's visitation rights, I draw plaintiff's attention to the following undisputed facts from

3

the summary judgment order:

> On January 17, 2007, [Marie] Svec [, plaintiff's social worker,] had determined that plaintiff should have no contact with female minors because of his past conduct, which included a criminal offense of sexual assault, and because he had not received sex offender treatment. [Darrel] Aldrich [, Waupun's social services director,] reviewed and approved Svec's recommendations. Svec based her recommendation in part on language in plaintiff's judgment of conviction, prohibiting plaintiff from having 'any contact, direct or indirect, with children, to include own children without permission of agent.' At the time Svec made her recommendation, plaintiff had not received any sex offender treatment because his behavior at Waupun made him ineligible to transfer to a medium security institution where treatment would be available. . . . When defendant made his decision to deny plaintiff's niece from visiting, plaintiff still had not received sex offender treatment.

Order, dkt. #27, at 3. Defendant denied plaintiff's request to visit with his niece because of concerns regarding plaintiff's reintegration into the community, his rehabilitation and the safety of the children visiting him. Svec determined that plaintiff should not have contact with young female children because he had a history of sexual assault and had not received sex offender treatment. This was sufficient to support defendant's decision to deny visitation with plaintiff's niece and demonstrates that defendant's decision was neither irrational nor unreasonable. Because plaintiff has failed to show a manifest error of law or fact, plaintiff's motion to reconsider the grant of summary judgment in defendant's favor will be denied.

ORDER

IT IS ORDERED that plaintiff James L. Phillips's motion to reconsider the judgment entered in this case on April 30, 2009, dkt. #29, is DENIED.

Entered this 1st day of June, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

5